Barnard, P. J.
The complaint as a matter of pleading is sufficient. It states that the plaintiff is a judgment creditor of Meyer Rosenberg, having an execution in the sheriff’s hands. That the judgment debtor for the purpose of defrauding his creditors, permitted his son, Louis Rosenberg, to recover a judgment for $1,541.22, and Louis Levenson, to recover a judgment for $2,611.79. Both these judgments were prior in lien to the plaintiff’s judgment, both upon real and personal estate. The complaint also contains an averment that the judgment debtor assigned all his prop • erty to pay his debts of the assignor, which assignment was prior in right to' plaintiff’s judgment apparently, but by reason of a fraudulent intent to defraud his creditor, the assignment is also void. No facts other than the one contained in the statement that the Rosenberg and Levenson judgments rest upon fictitious claims, are set forth in the complaint. None are stated in the affidavit in support of the application for an injunction, beyond the alleged insolvency of Levenson, and that certain personal property after the sale thereof by the sheriff, under the Rosenberg and Leveson execution, was bid in by each of the judgment creditors, and that they had not removed the same from the possession of the judgment debtor.
The case is made very clear by the opposing affidavits. The debts of Louis Rosenberg were for money lent by him to his father. The judgment was consequently based upon a good debt. The debt included in the Levenson judgment was also for lent money.
The real estate of the debtor was sold under the Levenson judgment, and brought enough to pay all the debts of the assignor. Assuming the debts to be good, an averment *836 that the personal property was sold too cheaply, has no importance.
The sale was public and biddings open to all. If the debt was good, it was of no importance whether the property purchased by the judgment creditor was at once taken away.
' It is no fraud in fact, but a subsequent judgment creditor could levy upon it because of an inference based upon the fact that there was no actual change of possession. Upon the facts of the case, therefore, the injunction was not well supported, and the order should be reversed with costs and disbursements.
Pratt and Dykman, JJ., concur.